IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30379
Summary Calendar
_____


THE APARTMENT ASSOCIATION OF GREATER
NEW ORLEANS, INC., JONATHAN JOHNSTON,
JULIE JOHNSTON, RONALD J. REID and
TIMOTHY SPAHR,

                                    Plaintiffs-Appellants,

                        versus

CITY OF NEW ORLEANS,

                                    Defendant-Appellee.

_____

        Appeals from the United States District Court for
               the Eastern District of Louisiana
                       (96-CV-2699-S)
_____

                    November 6, 1997
Before REAVLEY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     Following the district court's grant of their Motion for

Summary Judgment, the Apartment Association of Greater New

Orleans, Inc., Jonathan Johnston, Julie Johnston, Ronald Reed and

Timothy Spahr (Association), moved for an award of attorneys'

fees pursuant to 42 U.S.C. § 1988.  The district court denied the

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion, and the Association appealed. Finding that the district court provided

insufficient justification for denying attorneys' fees, we reverse and remand for further proceedings.

The Association filed a complaint for declaratory and injunctive relief on August 16, 1996, challenging the constitutionality of the City of New Orleans Municipal Ordinance 17.461 (Ordinance), which provides in pertinent part:

> All Air Conditioning systems and Water Heaters in commercial, industrial, and apartment/multi-family dwelling units shall be subject to [annual or bi-annual] inspections for installation safety by the Mechanical Inspection Bureau. . . .

The district court initially granted a preliminary injunction enjoining the City of New Orleans (City) from implementing or enforcing the Ordinance. The district court subsequently granted the Association's motion for summary judgment holding that the Ordinance violates the Fourth Amendment to the United States Constitution which prohibits warrantless searches of homes except in emergency situations. The district court asserted that the right to privacy as a separate and distinct right guaranteed by the substantive component of the Due Process Clause is a fundamental right which is affected by the City's ordinance. The Due Process Clause of the Fourteenth Amendment prohibits enforcement of laws which infringe fundamental rights unless the law is narrowly tailored to serve a compelling state interest. The court found the Ordinance was not

2

narrowly tailored to serve a compelling state interest, and therefore, unconstitutional.

The Association moved for attorney's fees under 42 U.S.C. § 1988 which provides that the court, in its discretion, may allow the prevailing party reasonable attorneys' fees as a part of the costs. The district court denied the motion stating that an award of attorney's fees was "not appropriate in this case."

Section 1988 unequivocally and expressly makes the award of fees a question of discretion for the court, but "the discretion afforded district courts to deny attorneys' fees to prevailing plaintiffs under § 1988 is exceedingly narrow."[1] When a court finds a statute unconstitutional, "Congress has instructed the courts to award attorneys' fees as an incentive for parties who prevail in protecting important constitutional rights."[2] It is well established that a prevailing party is entitled to recover an attorney's fee unless there is a strong showing of special circumstances which would render such an award unjust.[3] The courts have interpreted this to mean that "absent special

---

[1] Ellwest Stereo Theatre, Inc. v. Jackson, 653 F.2d 954, 955 (5th Cir. Unit B Aug. 1981).

[2] Riddell v. National Democratic Party, 624 F.2d 539, 546 (5th Cir. 1980)

[3] Id. at 543; Morrow v. Dillard, 580 F.2d 1284, 1300 (5th Cir. 1978); see also Bell v. Schexnayder, 36 F.3d 447 (5th Cir. 1994). Defendants bear the burden of proving the existence of special circumstances. Williams v. Miller, 620 F.2d 199 (8th Cir. 1980); Mid-Hudson Legal Servs., Inc. v. G & U, Inc., 578 F.2d 34 (2d Cir. 1978).

circumstances, a prevailing plaintiff should be awarded section 1988 fees *as a matter of course*."[4]  Consequently, two issues must be determined: (1) was the Association the prevailing party for purposes of awarding attorneys' fees; and (2) do special circumstances exist which would render an award of attorneys' fees unjust.[5]

The Supreme Court has concluded that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."[6]  In its original Complaint, the Association sought injunctive and declaratory relief which would prevent the City from implementing and enforcing the Ordinance.  The district court not only issued an injunction but also granted the Association's motion for summary judgment, and held that the Ordinance impermissibly infringes upon fundamental rights in violation of the Due Process Clause.  The Association gained from the suit exactly what it sought.  The Association clearly is the prevailing party.  The only remaining question is whether special circumstances exist that would render an award of attorneys' fees

---

[4]Cruz v. Hauck, 762 F.2d 1230, 1233 (5th Cir. 1985) (quoting Kirchberg v. Feenstra, 708 F.2d 991, 998 (5th Cir. 1983)(emphasis in original)).

[5]Robinson v. Kimbrough, 652 F.2d 458, 464 (5th Cir. Aug. 1981).

[6]Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).

unjust. The district court's order articulated no special circumstances for denying the Association's motion for attorneys' fees. A review of the record does not reveal a special circumstance which would render an award of attorneys' fees unjust.[7]

The City suggests that a section 1988 award is inapplicable here because that provision was adopted to allow parties to vindicate their rights only in cases involving racial animus or discrimination. There is no authority for this proposition. In Enplanar, Inc. v. Marsh,[8] the constitutional right allegedly violated involved race discrimination, but the case does not stand for the proposition that attorneys' fees are only justified in race discrimination cases. The court in Enplanar noted that section 1988 allows fees in actions where parties seek to vindicate rights based on the federal constitution or federal statutes. "If it is determined that no constitutional right was violated the predicate for the award of fees vanishes."[9] That is not the case here.

The district court's order is insufficient to justify a denial of an award of attorneys' fees and costs to the

---

[7]Riddell, 624 F.2d at 543 (stating that such special circumstances arise only in unusual situations).

[8]11 F.3d 1284 (5th Cir. 1994).

[9]Id. at 1297 (quoting McDonald v. Doe, 748 F.2d 1055, 1057 (5th Cir. 1984)).

5

Association.  We reverse the order of the district court and remand the case for further proceedings in accord with this opinion.  An award should include an allowance for fees and costs incurred for purposes of contesting this order in this appeal.[10]

REVERSE AND REMAND.

---

[10]Riddell, 624 F.2d at 547 (citing Johnson v. State of Mississippi, 606 F.2d 635, 637-39 (5th Cir. 1979)).